# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re**<br><br>ANDREW FUELL and TANYA FUELL,<br><br>**Debtors.** | **Case No. 06-40550**<br>**Chapter 7** |

_____

| | |
|---|---|
| R. SAM HOPKINS, TRUSTEE,<br><br>**Plaintiff,**<br><br>vs.<br><br>NMTC INC., d/b/a MATCO TOOLS, a foreign corporation,<br><br>**Defendant.** | **Adversary Proceeding No. 07-8046** |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

>Jim Spinner, SERVICE SPINNER & GRAY, Pocatello, Idaho, Attorney for Plaintiff.

>Craig W. Christensen, Pocatello, Idaho, Attorney for Defendant.

MEMORANDUM OF DECISION - 1

**Introduction**

In this adversary proceeding, Plaintiff R. Sam Hopkins, chapter 7[1] trustee, seeks to avoid the security interest asserted by Defendant NMTC, Inc., d/b/a Matco Tools, in the debtor's property because it was allegedly unperfected as of the commencement of the bankruptcy case. A trial in this action was scheduled for November 1, 2007. At that time, the parties acknowledged that there were no genuine issues of material fact, and they agreed to submit issues for decision based upon stipulated facts. Docket No. 10. The Court concurred in this approach, and ordered the parties to submit briefs. Docket No. 9. The parties have submitted their briefs, Docket Nos. 12-14, and the issue was taken under advisement. The Court, having now carefully considered the record, the arguments of the parties, and the applicable law, issues this Memorandum which represents the Court's findings of fact and conclusions of law and disposition of the issues. Rule 7052.

**Facts**

Debtor Andrew Fuell is an auto body technician. To acquire certain tools and equipment he needed for use in his occupation on credit, Debtor executed

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005), and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

MEMORANDUM OF DECISION - 2

a "purchase money security-master agreement" with Defendant on April 20, 2006. In it, Debtor granted Defendant a security interest in the items purchased to secure payment of the deferred purchase price. Thereafter, on May 12, 2006, Defendant filed a UCC-1 financing statement with the Idaho Secretary of State giving notice of its claim to a security interest in "all tools and equipment now owned by debtor for use in debtor's trade or business together with any and all similar tools and equipment hereafter acquired." Exhibit C. The financing statement indicated the debtor's name was "Andrew Fuel."

On October 18, 2006, Andrew and his spouse, Tanya Fuell, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Plaintiff was appointed to serve as chapter 7 trustee in the case. On November 27, 2006, Plaintiff performed an "online" UCC lien search via the Secretary of State's website to locate all filings under the names Andrew R. Fuell and Tanya D. Fuell. Plaintiff's search generated a report showing only one lien had been filed under these names - a medical indigency lien filed by Bonneville County Social Services on August 20, 2002.

Thereafter, on January 16, 2007, Defendant filed an amendment to its financing statement to change the listing of Debtor's name from "Andrew Fuel" to "Andrew Fuell."

MEMORANDUM OF DECISION - 3

On April 5, 2007, Plaintiff commenced this adversary proceeding. Docket No. 1.  In his complaint, Plaintiff alleges that Defendant failed to properly perfect its security interest by not listing Debtor's correct name on its initial UCC-1 financing statement. *Id.*

On April 26, 2007, Plaintiff's counsel performed another UCC lien search.[2]  In addition to the medical indigency lien, this search revealed two UCC filings for Defendant -- the original financing statement showing Andrew Fuel as the debtor, and the amended financing statement showing Andrew Fuell as the debtor.  On October 18, 2007, using the name "Fuel," counsel for Defendant also performed a UCC lien search.  This search returned the same results as the April 26 search by Plaintiff's counsel.

Plaintiff argues that the misspelling of Andrew Fuell's name in Defendant's original financing statement rendered it seriously misleading, and therefore, as of the date of the filing of Debtors' bankruptcy petition, Defendant's security interest was unperfected under applicable law.  As a result, Plaintiff argues Defendant's security interest is subject to avoidance by Plaintiff as trustee

---

[2] It is unclear to the Court which name Plaintiff's counsel used in performing this search.  The stipulated facts merely indicate that counsel performed "another UCC lien search."  Exhibit E is a copy of the results that the search returned, but this report does not indicate what information had been input by Plaintiff's counsel in the online search fields to retrieve these results.

MEMORANDUM OF DECISION - 4

under § 544(a). Defendant concedes that the original financing statement contained a typographical error, but contends the financing statement was nonetheless effective to properly perfect its security interest, and that it is not avoidable.

## Discussion

Flexing his § 544(a) "strong arm" powers, Plaintiff in this action occupies the status of a hypothetical lien creditor as of the date of the filing of the bankruptcy petition.[3] *See generally*, 5 Collier on Bankruptcy ¶ 544.05 at p. 544-13 (15th ed. rev. 2006). "This statutory power provides the trustee with the ability to seek, in a manner consistent with state law, priority over other claims and interests in property which remain unperfected as of the date of the commencement of the bankruptcy case." *Stanton v. Texas Drug Co. (In re Stanton)*, 254 B.R. 357, 361

---

[3] Section 544(a) states that:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>
> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time or with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; . . .

MEMORANDUM OF DECISION - 5

(Bankr. E.D. Texas 2000).

Whether a creditor has properly perfected its security interest is governed by state law. *Fitzgerald v. Norwest Financial Idaho, Inc. (In re Keller)*, 95 I.B.C.R. 164, 165 (1995) (citing *Ohio v. Kovacs*, 469 U.S. 274, 285 (1985)). To perfect a security interest in goods, a financing statement must be filed with the Idaho Secretary of State. Idaho Code § 28-9-310(a). A financing statement will be sufficient only if it: "(1) [p]rovides the name of the debtor; (2) [p]rovides the name of the secured party or a representative of the secured party; and (3) [i]ndicates the collateral covered by the financing statement." Idaho Code § 28-9-502(a).

In this instance, Defendant filed a financing statement which properly identified the secured party and described the collateral that was covered by the security agreement. However, in Defendant's financing statement, the name of the debtor was misspelled. Defendant concedes it committed an error, but even so, argues the financing statement was effective to perfect its security interest.

A financing statement that substantially satisfies the requirements of Part 5 of Idaho's Uniform Commercial Code is effective, even if it contains minor errors or omissions, so long as those errors do not make the financing statement

MEMORANDUM OF DECISION - 6

seriously misleading. Idaho Code § 28-9-506(a). However, if a financing statement "fails sufficiently to provide the name of the debtor in accordance with section 28-9-503(a) [it] is seriously misleading." Idaho Code § 28-9-506(b). In the case of an individual debtor, "[a] financing statement sufficiently provides the name of the debtor . . . only if it provides the individual . . . name of the debtor." Idaho Code § 28-9-503(a)(4).

In addition to these general rules, the Idaho UCC provides more specific clarification regarding whether financing statements are seriously misleading: if a search of the filing office's records under the debtor's correct name, using the filing office's standard search logic, would disclose a financing statement that does not sufficiently provide the name of the debtor, then the financing statement is not seriously misleading. Idaho Code § 28-9-506(c). Moreover, as noted by a leading treatise on commercial law:

> We suspect the opposite inference is intended as well, namely that if the standard search logic (when instructed to use the correct name) fails to find a financing statement because the name is incorrect, that renders the financing statement not only non-compliant with 9-502 and 9-503, but also means that it fails "substantially" to satisfy the "requirements of this Part" under 9-506 and so is "seriously misleading."

4 James J. White & Robert S. Summers, *Uniform Commercial Code* § 31-12 (5th ed.).

MEMORANDUM OF DECISION - 7

The stipulated facts in this case indicate that on November 27, 2006 Plaintiff performed a UCC search using Andrew Fuell's correct name which did not disclose Defendant's financing statement. Thus, applying the White & Summers logic, the misspelling of Debtor's name was indeed seriously misleading, and Defendant's original financing statement was ineffective to perfect its security interest. The case law is in accord.

In *Pankratz Impl. Co. v. Citizens Nat'l Bank*, 130 P.3d 57 (Kan. 2006), the debtor's correct name was Rodger House, but the creditor's financing statement listed his name as "Roger House." The court found that the financing statement was seriously misleading because a search of the filing office's records under the debtor's correct name using that office's standard search logic did not disclose the financing statement. In reaching this conclusion, the state court employed the reasoning of the Tenth Circuit Bankruptcy Appellate Panel in *Clark v. Deer & Co. (In re Kinderknecht)*, 308 B.R. 71 (10th Cir. BAP 2004). In *Kinderknecht*, the panel concluded that a financing statement filed under the name "Terry J. Kinderknecht" rather than under the debtor's correct name "Terrance J. Kinderknecht" was seriously misleading. It explained that recent revisions to the UCC provisions in question were intended to foreclose a fact-intensive analysis as to the sufficiency of a debtor's name, and that by requiring a financing statement

MEMORANDUM OF DECISION - 8

to provide the debtor's legal name, a clear-cut test is established upon which parties and the public may rely.

Indeed, in this case, the official UCC-1 form for a financing statement used by Defendant requires the "debtor's exact full legal name." Ex. C. There is no dispute that the name which Defendant provided was not debtor's full legal name. Given this error, the form which Defendant filed with the Idaho Secretary of State did not substantially comply with Part 5 of the Idaho Uniform Commercial Code, and thus, Defendant's security interest remained unperfected as of the date Debtors' bankruptcy petition was filed.

Defendant correctly observes that the purpose for filing UCC financing statements is to give notice to third parties of a creditor's potential interest in property owned by the debtor. *Wood v. Pillsbury Co. (In re Wood)*, 83 I.B.C.R. 153 (Bankr. D. Idaho 1983). Defendant contends that although Mr. Fuell's name was misspelled in its original financing statement, it listed his correct social security number and address, information which was also available to Plaintiff via Debtors' bankruptcy petition at the time Plaintiff performed his initial UCC research. Defendant argues that conducting a search using these items as the search criteria would have disclosed its financing statement, thereby placing Plaintiff and the world on notice of Defendant's lien.

MEMORANDUM OF DECISION - 9

Defendant's argument is for naught.  The official comment to the Idaho UCC provision instructs that it is "particularly important" that financing statements provide the debtor's name, for it is under the debtor's name that these statements are indexed, and it is by debtor's name that those attempting to locate financing statements should search.  Idaho Code § 28-9-503, Official Comment 2.  Idaho's version of the Uniform Commercial Code does not require inquiring third parties to search UCC filings using a debtor's social security number or address.  Indeed, based upon the exhibits provided to the Court, it does not appear that parties have the ability to search the records using social security numbers or addresses.  See Ex. D.

Defendant next argues that its filing of the amended financing statement cured any defects in the original financing statement because, thereafter, searches under either "Fuel" or "Fuell" disclosed both the original financing statement and the amendment.  But this argument does not help Defendant since Plaintiff's ability to avoid Defendant's security interest under § 544(a) is measured as of the date the bankruptcy petition was filed, not some later time.  On that date, Defendant's amendment had not yet been filed, and the original financing statement remained seriously misleading evading any search using Debtor's correct name.

MEMORANDUM OF DECISION - 10

### Conclusion

"To adequately protect itself, the creditor should do its best to ensure that its Article 9 lien documents are filed under the [correct spelling of] debtor's legal name." *Borden v. Southwest Implement, Inc. (In re Borden)*, 353 B.R. 886, 891 (Bankr. D. Neb. 2006). Bankruptcy has long served as the litmus test for the adequacy of a creditor's compliance with the state law of secured transactions. Here, Defendant, for no apparent reason, failed to live up to the standards imposed by the Idaho Uniform Commercial Code to achieve secured status, and the statutory penalty under the Bankruptcy Code for this error is loss of its collateral, and instead, to share-and-share alike with Debtors' unsecured creditors.

Defendant's security interest was unperfected as against a hypothetical judgment lien creditor under Idaho law on the date the bankruptcy petition was filed. Under § 544(a)(1), Plaintiff, as trustee, is entitled to avoid that security interest. A separate judgment will be entered.

Dated: December 13, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 11